HARRISON ET AL *v.* GARNER.

[70 South. 700.]

TRIAL. *Instructions. Ignoring defenses. Extending time of payment. Surety. Release.*

An agreement by the payee of a note to extend for a definite period the time of payment, in consideration of the promise of the principal debtor to pay interest on the debt during such extension, constitutes a binding contract of forbearance, and

will operate to discharge a surety who does not consent to the extension, and an instruction which eliminates from the consideration of the jury such defense by the surety should not be given.

APPEAL from the circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Suit by I. Garner against S. D. Harrison ond others. From a judgment for plaintiff, defendants appeal.

Appellee, complainant in the court below, filed suit on a promissory note for three hundred dollars with interest and attorney's fees, against appellants, S. D. Harrison, Ed Ware, and Dr. L. E. Robinson. The defendants pleaded the general issue, and the defendants Robinson and Ware gave notice that they would show that they were sureties only, and that the holder of the note at the request of Harrison, the principal, had extended the note for a valuable consideration without their knowledge or consent, thereby releasing the sureties. Defendant Harrison pleaded payment to the extent of one hundred dollars principal and forty dollars interest. On the trial defendants Ware and Robinson offered testimony in support of their plea and requested a peremptory instruction as to their liability, which was refused. At a request of plaintiff the court gave the following instructions:

"The court instructs the jury, for the plaintiff, that they must find for the plaintiff in the sum of two hundred dollars and ten per cent. interest on the same from November, 1912; and the court further charges the jury, for the plaintiff, that unless they believe from the evidence that defendant paid the plaintiff the sum of one hundred dollars principal and interest up to November, 1912, it is their duty to find for the plaintiff in the full amount sued for, to wit, three hundred dollars with interest at ten per cent. per annum from November 1, 1912, to this date, and thirty dollars attorney's fee, or a total of three hundred and eighty-five dollars."

The jury returned the verdict for three hundred and eighty-five dollars, and judgment for that amount was rendered jointly against all three defendants, and they appeal.

*John P. Edwards,* for appellants.

An agreement by the holder of a note to extend for a definite period the time of payment, in consideration of the promise of the principal debtor to pay interest on the debt during such extension, constitutes a binding contract of forbearance, and will operate to discharge the sureties who do not agree to the extension. *Moore* v. *Redding,* 69 Miss. 841.

Both of the other defendants as well and S. D. Harrison testify that the plaintiff did not ever obtain the consent of said sureties to have the time of the payment of this note extended, neither did Harrison ever obtain the consent of said sureties or mention such a thing to them. The sureties did not know but that the note had been paid, and both testify that Harrison was solvent at the maturity of the note, and that after the extension of the time for the payment had been made time after time, from year to year that Harrison finally became a bankrupt. Then in view of the evidence as above cited and the authority thereon as above shown, we most seriously contend that the court committed very grave error in granting the above quoted instruction, and which is a peremptory instruction on every issue raised by the pleadings except the issue of payment of only one hundred dollars. It certainly cannot be disputed that the testimony of plaintiff and that of the defendant Harrison tends to support the issue in favor of defendants as to the extension of the time of payment of the note, and this being true the peremptory instruction should not have been granted. See *Strauss* v. *National Parlor & Furniture Co.,* 24 So. 703, 76 M. P. 343.

*W. M. Edwards,* for appellee.

In order to discharge a surety, there must be a binding contract between the creditor and the principal, founded on a valuable consideration, by which the creditor is precluded from suing upon the contract, and also the principal debtor must be precluded from the right to pay the indebtedness at any time. *Keirn* v. *Andrews,* 59 Miss. 39. There is no evidence in the record in this case that even tends to show that there was an agreement between the holder of the note and the said S. D. Harrison whereby the payment of the note was to be extended for a definite time; but on the other hand the evidence, we submit, shows most conclusively that there was only a mere indulgence of the debtor by the creditor.

*Moore* v. *Redding,* 69 Miss. 841, relied on by opposite counsel is not applicable here. There the creditor had a distinct agreement with the debtor for a valuable consideration and for a definite time for the extension of the payment of the indebtedness. There the indorsements were written on the back of the note expressing the amount of interest paid, and that the payment of the note was extended for a definite time.

Part payment of a debt due and a promise to pay the balance, and to continue paying the same interest, is no change of the original contract. The creditor's hands are not tied by the debtor's promise to perform his legal obligations.

SMITH, C. J., delivered the opinion of the court.

According to the testimony of appellants, the time for the payment of the note sued on was several times extended one year upon his agreement to pay interest thereon. The case, therefore, is ruled by *Moore* v. *Redding,* 69 Miss. 846, 13 So. 849, and the instruction which eliminated from the consideration of the jury the defense of the sureties that they had been discharged by these extensions should not have been given.

*Reversed and remanded.*