BANK OF TUPELO *v.* HULSEY.

[73 South. 621, Division B.]

1. TRIAL. *Collateral note. Action to recover interest. Instruction.*
   Where plaintiff brought suit against a bank to recover his alleged interest in a note which had been deposited as collateral with the bank and collected by it, where the evidence strongly tended to show a partnership between plaintiff and the party pledging the note, an instruction was erroneous, which authorized a verdict for the plaintiff if he had an interest in the note and had not agreed that it might be pledged as collateral, since such an instruction was prejudicial to defendant as ignoring the evidence as to a partnership.

2. PARTNERSHIP. *Partnership debt. Liability.*
   A partner is individually liable for the debts of a partnership.

3. PARTNERSHIP. *Collateral. Proceeds. Application.*
   Even though plaintiff had an individual interest in the proceeds of a note, pledged by a joint owner without plaintiff's knowledge or consent and over his protest, with the defendant bank for its loan to a partnership, and if at the time the bank collected the proceeds, plaintiff was liable to the bank for past due partnership obligations, then the bank had a right to apply the separate interest of plaintiff toward liquidating the partnership liability, and after the money had been so applied plaintiff could not maintain an action to recover the same.

3. SAME.
   In such action before plaintiff could recover on the theory of money had and received by the bank for his use and benefit he was required to show that he was not a partner in the firm pledging the note.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

Suit by F. W. Hulsey against the Bank of Tupelo. From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and in his declaration seeks to recover four thousand and three hundred, seventy-five dollars with interest, alleged to be due him by the appellant, Bank of Tupelo, as plaintiff's interest in a certain promissory note for ten thousand and three hundred, seventy-five dollars which had been pledged as hereinafter mentioned, and the proceeds of which had been collected by appellant. It appears that E. B. Hulsey & Co. were doing a cotton brokerage business at Tupelo, and pledged the note in question for a loan of ten thousand dollars which the bank made to E. B. Hulsey & Co. on or about May 20, 1911. The note in which appellee claims an interest is a certain note for ten thousand, three hundred seventy-five dollars executed by one Arnold and Mayson in favor of Enoch C. Jones, and indorsed by Enoch C. Jones, and then indorsed by three parties by the name of Hulsey, being heirs of a certain Hulsey estate in Georgia, and being all the adult heirs of said estate except E. B. and F. W. Hulsey. This note was given by Enoch C. Jones as part of the purchase money of certain real estate brought from the Hulsey estate in Georgia, and was turned over to E. B. and F. W. Hulsey as their portion of the proceeds of this real estate transaction. At that time E. B. Hulsey was, and for a long time had been engaged in the cotton business at Tupelo under the trade-name of E. B. Hulsey & Co. About October, 1910, F. W. Hulsey, appellee herein, moved from Georgia to Tupelo, Miss., to engage in the cotton business with his brother E. B. Hulsey. The testimony is conflicting as to whether appellee became an employee of E. B. Hulsey & Co. or a partner in the business. The proof on the part of appellant was sufficient to warrant the jury in finding that appellee was a partner in this cot-

ton business. A portion of this testimony tends to show
the following facts: That about the latter part of Octo-
ber, 1910, F. W. Hulsey moved from Georgia to Tupelo
and was introduced to the officials of the bank by his
brother, E. B.; that these brothers represented to the
management of appellant bank that F. W. Hulsey had
come to engage in the cotton business with his brother
and would be interested as a partner in the firm; that
they thereupon requested continued accommodation from
the bank; that just prior to the time F. W. Hulsey
moved to Mississippi the mother of these brothers had
died leaving a valuable estate in Georgia, and that
some of this real estate had been sold to Enoch C.
Jones, and that two notes evidencing deferred payments
were taken for ten thousand, three hundred seventy-five
dollars each, and each bearing six per cent. interest;
that these notes had been executed by Reuben Arnold
and Corlas L. Mayson in favor of Enoch C. Jones and
by Jones indorsed to the Hulseys, one of the notes be-
ing for one year and the other for two years; that
shortly after F. W. Hulsey came to Tupelo he returned
to Atlanta and collected the one-year note, and came
back with New York exchange for ten thousand dollars
which he, on October 25, 1910, deposited with the Bank
of Tupelo, appellant herein, and placed five thousand
dollars of the proceeds to his individual credit and five
thousand to the credit of E. B. Hulsey. At the same time
E. B. Hulsey drew his individual check on his deposit
or checking account for three thousand dollars and
placed this sum to the credit of E. B. Hulsey & Co.
with the bank, and simultaneously F. W. Hulsey by
check placed three thousand dollars of his funds to the
credit of E. B. Hulsey & Co. A few days thereafter, on
November 7th, the two brothers came into the bank and
simultaneously deposited five hundred each to the credit
of E. B. Hulsey & Co. On November 16, 1910, E. B.
Hulsey deposited with appellant the second real estate
note, the one here in dispute, as collateral or margins

against the running cotton account of E. B. Hulsey &
Co., and thereupon the cashier executed to the firm the
following receipt:

"November 16, 1910. Received of E. B. Hulsey &
Co. note of Reuben R. Arnold and Carlos H. Mason,
favor Enoch C. Jones, ten thousand, three hundred
seventy-five dollars, to be used as margin against their
cotton account.

                              M. H. MOORE, Cashier."

That continuously thereafter E. B. Hulsey & Co. did
business with appellant and were indebted to appellant
in large sums of money, and on May 20, 1911, E. B.
Hulsey for and in the name of E. B. Hulsey & Co. exe-
cuted to the bank a note for ten thousand dollars, pay-
able on demand, and attached or hypothecated this
Arnold and Mayson note as collateral security for the
note so executed. It is the further testimony on behalf
of appellant, and especially its officials, that F. W.
Hulsey took charge of the office of E. B. Hulsey & Co.
and appeared to be the manager thereof, answering
calls, making deposits, drawing checks, and otherwise
conducting the office work for the firm; that F. W.
Hulsey lived in the same home with his brother, E. B.,
and ate at the same table; that while F. W. Hulsey
claimed in his testimony in this case to have been work-
ing on a salary, representations had been made to the
officials by both E. B. and F. W. Hulsey that F. W.
was coming to Tupelo to go into the firm, and that after
he came he was held out to the management of the
bank as a partner in the business, and was so considered
by the officers of the bank. The ten thousand dollar
note evidencing the loan by appellant to E. B. Hulsey &
Co. was not paid, and appellant collected the collateral
note in question and applied the proceeds to the large
indebtedness due by E. B. Hulsey & Co. to appellant.
It is the testimony of the cashier that E. B. Hulsey &
Co. in 1912 became financially involved, and after credit-

ting the proceeds of the note in litigation the firm of E. B. Hulsey & Co. was still due and owing appellant a balance of forty or fifty thousand dollars.

F. W. Hulsey denied the partnership, and testified that, after his brother deposited the note with the bank in pursuance of the first receipt hereinabove copied, he notified the bank that he had a personal interest in the note and objected to the note being used as further collateral for any indebtedness of E. B. Hulsey & Co. He stated that he was employed at a salary of one hundred twenty-five dollars a month; that the advance of three thousand dollars at one time and five hundred dollars at another, shown to have been made by him to E. B. Hulsey & Co., represented loans, and not his portion of the firm's capital. He introduced in evidence two promissory notes, one for three thousand dollars and the other for five hundred dollars executed in his favor by E. B. Hulsey & Co., the first purporting to be dated October 25, 1910, and the second November 7, 1910, as evidence of the loans which he had made. Appellant insists that these notes were executed long after the dates which they purport to bear and as a part of a scheme to avoid partnership liability. These original notes were introduced in evidence, and at the request of appellant were transmitted to the supreme court to support the charge made by appellant that the year "1911" was first written on the notes, and that the figures "1" at the right-hand corner of each note manifestly appears to have been changed to an "0." It is the further contention of appellant that the blank form on which these notes were executed was not in existence or in use by the bank in the year 1910, and it is the bank's contention that these notes were forgeries and evidence an afterthought on the part of E. B. and F. W. Hulsey when they had become financially involved. The collateral note in dispute was not indorsed either by E. B. or F. W. Hulsey at the time it was attached as collateral, but was indorsed in blank by Jones and the

other Hulsey heirs. E. B. Hulsey corroborated his brother's statement that appellee was not a partner in the firm. Appellee also introduced a letter written by Mr. Porter to the cashier in answer to an inquiry which the cashier had written regarding the Arnold and Mayson note, the letter being dated at Atlanta, Ga., October 29, 1910, addressed to the Bank of Tupelo, and containing the following statement:

"The other Hulsey heirs took this note, and it was turned over to Fred and Ely Hulsey as a part of their portion of the proceeds. The other adult. Hulsey heirs indorsed the note in question. I do not think you need fear any complication in handling this paper."

From this it is contended by appellee that the bank officials had notice of Ely Hulsey's interest in the note. There is other evidence *pro* and *con* reflecting sharp conflict between the testimony and theory of appellant and the testimony and theory of appellee. The cause was submitted to the jury, and a verdict returned for the plaintiff for the full amount sued for. Appellant complains of the first and only instruction given the plaintiff, which reads as follows:

"The court charges the jury that, if they believe from a preponderance of the testimony that at the time the Arnold Mayson note was placed with the Bank of Tupelo as collateral security said bank knew that plaintiff had an interest therein of four thousand, three hundred seventy-five dollars and that said bank was notified that only the interest of E. B. Hulsey was so placed as such collateral, and that the interest of plaintiff was not so placed with them as such collateral, then the jury will find for plaintiff for four thousand, three hundred seventy-five dollars with six per cent. interest thereon from March 26, 1911."

It also complains of one instruction which it asked for and which the court declined to give. For the purposes of this opinion it is unnecessary to prolong the statement of the testimony.

*W. D. & J. R. Anderson* and *J. B. Harris* for appellant.

The instruction given for the plaintiff, appellee here, is manifestly erroneous. This instruction states a concrete case. It is erroneous in that it leaves out of view entirely one of the principal features of the defense by the bank, and that is that F. W. Hulsey was a partner in the firm of E. B. Hulsey & Company. The instruction undertakes to make a concrete application of the law to the facts of the case, and directs a designated verdict if these facts are delivered by the jury; if F. W. Hulsey was a partner in the firm of E. B. Hulsey & Company at the time the note was hypothecated for a partnership debt, he was entitled to recover his interest in the note as set forth in the instruction. We have shown in the foregoing part of the brief that there was ample evidence before the jury to support a finding, that he was a partner, and this being so, the bank had a right to the money arising from the proceeds of the note given to secure a partnership debt.

The court instructed the jury for the bank, it is true, in the seventh instruction, that if they believed from the evidence at the time the note in question was put up with the bank as collateral for the security of the indebtedness of E. B. Hulsey & Company the plaintiff, F. W. Hulsey, was a partner in the firm of E. B. Hulsey & Company, they should return verdict for the defendant, although afterwards he ceased to be a partner. This instruction correctly states the law, but it does not cure the error in the instruction given for the plaintiff. See, *Maheffey Co.* v. *Russell,* 100 Miss. 122, 126; *Godfrey* v. *Meridian, etc.,* 101 Miss. 565.

The instruction was not dealing with abstract propositions of law, but states a concrete case, and, therefore is not cured by the seventh instruction given for the defendant. This is not all. The instruction leaves out of view entirely the indemnity agreement entered

into between F. W. Hulsey and E. B. Hulsey and E. B.
Hulsey & Company and the force and effect to be given to
it, and in this respect this instruction is in conflict with all
of the instructions given for the defendant, and it is not
helped out by any of them because it warrants the jury in
ignoring all of the testimony in regard to the positive
indemnity agreement, as well as the partnership feature.

*George T. Mitchell* and *W. A. Blair,* for appellee.

The first instruction for the plaintiff simply tells the
jury that if they believe from preponderance of the
testimony that at the time the Arnold and Mason note
was placed with the Bank of Tupelo as collateral se-
curity, that said bank knew that plaintiff had an in-
terest therein of four thousand, three hundred seventy-
five dollars and that said bank was notified that only
the interest of E. B. Hulsey was so placed as such
collateral, and that the interest of plaintiff was not so
placed with them as such collateral, then the jury would
find for the plaintiff in the amount sued for. The criti-
cism of this instruction by appellant is that it does not
announce an abstract proposition of law but states a
concrete case, and that therefore the instruction should
have gone farther and negatived the proposition that
plaintiff was a member of the firm of E. B. Hulsey &
Company. I cannot understand the soundness of this
proposition. I recognize as fully as any one, the propo-
sition that an instruction upon the facts should contain
all the material facts, but I submit most earnestly to
this court that the question as to whether or not F. W.
Hulsey was a member of the firm of E. B. Hulsey &
Company can make no difference provided he gave
notice to the bank of his interest in the note and the
further notice that his interest was not to be considered
placed as collateral to the ten thousand dollar note. In
other words, if F. W. Hulsey, this plaintiff, had been a
member of the firm of E. B. Hulsey & Company at the

time the Arnold and Mason note was filed with the bank as collateral security, still, if he notified the bank at the time of his interest in that note and told them that his interest therein was not being placed as collateral, then they could not hold his interest therein as security any more than they could the interest of one who was not connected with the firm. I therefore insist that it was not necessary to mention the question of partnership in the instruction in question, because if he gave the notice contained in that instruction to the bank, then they could not hold his interest in the note in question regardless of whether he was a member of the partnership or not. It seems to me that this proposition is too plain for discussion. Can it be possible that one partner, who does not care to make a certain venture or enter upon some certain enterprise, cannot, by giving notice and entering a protest against a certain transaction, protect himself from the ventures of another partner? Such has never been the law and never will be. The two cases of *Maheffey Co.* v. *Russell*, 100 Miss. 122, and *Godfrey* v. *Meridian etc.*, 101 Miss. 565, are not at all applicable. In those cases this court simply held that taking the facts announced in the instructions in those cases as true, still, the plaintiff had not made out his case; that is, the court told the jury in those instructions that if they believed the facts set out in those instructions did not warrant a recovery by plaintiff that, therefore, the error in giving them was not cured by the giving of other instructions correctly announcing the law. The correctness of this holding has never been questioned, but nothing of that kind appears in the instruction in the instant case, which I submit correctly announces the law and if the jury believed as proven the facts set out therein, plaintiff was entitled to recover.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). Under the theory of appellant's defense and in the light of the strong testimony supporting its contentions, we regard instruction No. 1 given the plaintiff in the court below as erroneous and prejudicial to the rights of defendant. The testimony on behalf of appellant, as defendant, tended strongly to prove a partnership. There was evidence of admissions and of conduct on the part of E. B. and F. W. Hulsey calculated to lead the management of the bank at all times to assume that appellee was a partner in the business of E. B. Hulsey & Co. The testimony is undisputed that appellee put three thousand five hundred dollars into the business and looked out after the interests of the firm and helped in the management of the business in about the way that a partner would naturally be expected to do. If appellee was a partner in the business, then he was individually liable for the debts of the partnership. Conceding that he had an individual interest in the proceeds of the note which had been pledged with the bank and which is here sued for, it yet remains that appellant, after collecting the proceeds of this note, had the legal right to apply such proceeds toward the liquidation of past due indebtedness of E. B. Hulsey & Co. It is conceded that E. B. Hulsey also had an interest in the proceeds of this note, and in collecting the pledged note the bank, of course, had to collect the whole amount, and in any amount collected on the note appellee would have an undivided interest. Instruction No. 1 for the plaintiff takes no account of the partnership. It authorizes the jury to return a verdict for the full amount sued for upon the one condition that they believe from the evidence that the plaintiff had an interest in the note and that the plaintiff had not agreed for this interest to be pledged as collateral.

Even though E. B. Hulsey, one of the joint owners of the note pledged the same without the knowledge or consent or even against the protest of the plaintiff, yet appellant, after accepting this collateral and after collecting the same, would have been in the attitude of holding funds a portion of which belonged to appellee; and if at the time appellant collected the proceeds appellee was liable to the bank for past-due partnership obligations, then the bank had a right to apply the separate interest of appellee toward liquidating the partnership liability, and, after the money has been so applied, appellee could not maintain this action to recover the same. In his declaration Mr. Hulsey sues the bank on the theory of money had and received, and the undisputed proof on the part of the bank shows that the bank still claims a very large past due indebtedness against E. B. Hulsey & Co.

Before recovery can be had in this case the jury must believe and find from the evidence that appellee was not a partner in the firm of E. B. Hulsey & Co. The proof so clearly and strongly tends to establish a partnership that the granting of this, the only instruction which is given the plaintiff, constitutes error for which this case must be reversed. Our view of this instruction renders it unnecessary to criticize or pass upon instruction No. 8, which was refused appellant. It is the contention of appellee that any error in instruction No. 1 is cured by instruction No. 7 given appellant. The instructions appear to be in direct conflict, and, read together, left the jury a doubtful rule by which to measure and apply the facts. We have no doubt about the right of appellant to a new trial.

*Reversed and remanded.*