Thames *v.* Batson & Hatten Lumber Co.[*]

Division B.    May 10, 1926.)

[108 So. 181.    No. 25669.]

Trial. *General instruction applicable to only one count, telling jury if they believed hypothesis stated therein to find for defendant, ignoring other counts, is reversible error.*

Where a plaintiff sues a defendant in three separate counts, each setting up a separate ground of recovery, and where the evidence as to each count is conflicting, and where the court grants the defendant a proper instruction applicable to each count and then grants a general instruction which should be applicable to, only one of the counts, telling the jury in such instruction that if they believe the hypothesis stated in the instruction they will find for the defendant, ignoring other counts, is error for which the judgment will be reversed.

---

[*]Corpus Juris-Cyc References:    Trial 38Cyc, p. 1632, n. 10; p. 1634, n. 13.

Appeal from circuit court of Harrison county.

Hon. W. A. White, Judge.

Action by J. E. Thames against the Batson & Hatten Lumber Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

One error assigned is the giving of the general instruction for the appellee as if applicable to all three counts in the declaration.

The court will remember that there are three counts in the declaration: the first charging negligence in furnishing a car with flat wheel; the second charging negligence in having the transfer track out of line to the extent that the rail of the transfer track at the point of transfer was half an inch wider than the meeting rail, causing a knot or kink that stalled the car; and the third charging failure to furnish a sufficient number of men competent to do the work.

Now if appellant proved the first count as to the flat wheel and that this was negligence contributing to his injury, if injured, he would be entitled to recover on the ground of a defective appliance. 4 Thompson on Negligence, p. 61, secs. 3781 et seq.

If he proved the second count, that the transfer rail was defective, causing the car to stall, and that this was negligence of defendant and proximately contributed to his injury, he would be entitled to recover on that count.

If he proved that an insufficient number of servants was furnished him to do the work of moving this car that morning, and the insufficiency was negligence on the part of the defendant and approximately contributed to his being injured, he would be entitled to recover under the third count.

The fatal defect in this instruction is that it limits his cause of action to count three, which is the weakest count in the declaration, in that the instruction tells the jury

that if the defendant used the care of an ordinary prudent man in selecting the number of employees to move the cars from the green shed to the dry kiln on that occasion, *the defendant was not liable.*

Another defect in the instruction, and a vital one, is that it limits the defendant's act in furnishing the servants which it did on that occasion to an ordinary prudent man, without leaving it to the jury to decide if the defendant acting as an ordinary prudent man would act did furnish a sufficient number of servants on that occasion.

There is no instruction curing this given erroneous instruction for appellant, if indeed it could be cured.

*Ford, White, Graham & Gautier,* for appellee.

Every possible phase of the case was fully covered by proper instructions. The appellee's instructions are placed in the record in inverse order and the first in the record seems to be the main target for appellant's criticism.

Counsel's criticism of this instruction is that it was not limited to the third count in the declaration. The instruction is correct because: (1) It is served as explanation of other instructions both by the appellant and appellee, on the third count, and could not by any stretch of the imagination have misled the jury into believing that the court had limited their finding to the third count; (2) And because it was properly applied to all counts, for every count is fundamentally based on an insufficient number of servants and the negligence charged in the first and second counts. could have in no way been the proximate cause of the injury if there had been a sufficient number of men present to move the car; and regardless of the condition of the wheel or track, if the master had provided a sufficient number of men to move it with safety, it was not liable under either count. This instruction clearly submitted that question of fact to the jury.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was employed by the appellee and was injured in moving some lumber from the place where green lumber was stacked to the dry kiln. This lumber was moved over some tracks by means of cars which were pushed by hand power. Each car when loaded contained about two thousand seven hundred feet of green lumber; this lumber averaging about five pounds to the foot. The cars, containing the lumber, were moved down the track to a point where the track extended across another track, and were pushed down the other track to the dry kiln, and there transferred over a crosswise track known as the transfer track, and then, after this transfer, the cars were pushed on to a point opposite the dry kiln. These cars, or trucks, had four wheels, two on each side, and were pushed by physical strength or man power. At the time the appellant was hurt, the loaded car, on which was a wheel it was alleged would not roll, had been brought down the track which ran from the stack, and, in pushing this car at the point where the injury occurred, the plaintiff was caused to strain himself, resulting in a rupture of the stomach.

The declaration was in three counts. In the first count it was alleged that the defendant was doing business in Harrison county, being engaged in the manufacture of lumber, and that the plaintiff was employed as a laborer and by virtue of said employment was a servant of the defendant company, and that it was under duty to furnish him a reasonably safe place in which to work and reasonably safe appliances, tools, and machinery with which to work, and this duty the defendant negligently failed to perform, causing the plaintiff injury.

A second count alleged that the master owed the plaintiff the duty to furnish him a reasonably safe place in which to work and that it was the duty of the defendant to have the rails on the said car track so constructed that, when said car was pushed in position and in line

with the track on which the car of lumber was loaded when the car of lumber came off the main track onto the transfer track the rails of the transfer car track would fit evenly and smoothly with the rails of the track on which the car of lumber was located; and the defendant negligently failed to do so, but that, when the rail of the transfer car track was put in position so as to be even and level with one rail on the track on which the car was, the other rail of the transfer car track would be something like one-half inch to one inch out of line, and would cause the flange on the car on which the lumber was loaded to strike the end of the rail on the transfer track, so that the car of lumber would not roll and slide smoothly on the tracks as it should have done, necessitating the plaintiff and his men exerting an extraordinary amount of strength in undertaking to get such car of lumber on the tracks of the transfer car.

The third count was based on the failure to furnish sufficient help in doing the work which plaintiff was employed to do.

The plaintiff testified that, when he was employed by the defendant, the foreman who employed him said:

"I want a man who can check lumber and take his men and go and help Blackwell pull the kilns and fill them every morning, or whenever required of them."

And by "pulling the kilns" was meant taking the dry lumber out of the kilns and refilling the kilns with green lumber.

The plaintiff's proof tended to show that the wheels on the trucks were flat and worn at places, which made them defective and caused much more exertion than would have been required had they been in proper shape, and that these defects were known to the company; that at the time he was hurt he had only three men besides himself to roll this car with the flat wheel over onto the transfer track at said point where the transfer rail was one-half an inch wider than the rail of the track from which it was being transferred; that the flange of the

wheel caught on the transfer track at this point and fouled, and the plaintiff was forced to use so much strength to get it over that he was injured; that, if the wheel had not been flat, he would have been able to carry it with sufficient speed to get it over the other track, but for the defect in the transfer rail; that at the time he was hurt the flat wheel was dragging when it should have rolled; that he had complained to the foreman about the condition of the cars and told him that he did not have enough help and would rather go home; that Davis, the foreman, thereupon asked him to help him out the best he could and by Monday morning he would try to do better; that, if the car had been in reasonably safe condition, it would have required eight men to handle it, and that at the time of the injury he had only three helpers besides himself, two negroes and a white man, and that some boys had been assigned to help him, but they were not there at the time; that these boys were about fourteen years old and he had complained to the foreman that he could not do anything with them; that they would not work; and that the foreman told him that they were all he had. He testified that when he was hurt he went home; that his abdomen was torn about as wide as his three fingers; that he had had to wear a truss ever since the injury; that he had never worn one before; and that he had not been able to lift anything since. In other words, plaintiff's testimony tended to prove the facts in support of each count, and was sufficient to go to the jury for that purpose.

Plaintiff's contentions in respect to each of the counts were disputed by evidence for the lumber company, and there was testimony for the defendants tending to show that the plaintiff had previously been ruptured and had worn a truss for years; in other words, plaintiff's proof was disputed throughout by that of the defendant.

For the defendant, the court gave its specific instructions applicable to each one of the counts, and a general instruction reading as follows:

"The court instructs the jury for the defendant that, if they believe from the evidence that the defendant used the care of an ordinarily prudent man in selecting the number of employees to move its lumber from the green shed to the dry kiln, then the defendant is not liable, even though you believe from the evidence that some of the employees did not perform the duties assigned to them in the moving of said lumber."

This instruction is the chief assignment of error for the reversal of the case, and it is insisted that it is erroneous because it ignored some of the counts in the declaration.   It will· be observed that the court told the jury in this instruction:

That, if they "believe from the evidence that the defendant used the care of an ordinarily prudent man in selecting the number of employees to move its lumber from the green shed to the dry kiln, then the defendant is not liable, even though you believe from the evidence that some of the employees did not perform the duties assigned to them in the moving of the said lumber."

The effect of this instruction is that, if it furnished sufficient men to do the work, it was not liable to the plaintiff for the failure of the men to perform the work which it had employed to perform in assisting the plaintiff.

The court also instructed for the defendant, among other instructions, the following:

"The court instructs the jury that as a matter of law the defendant was not an insurer of the number of employees required to do any particular work assigned to them; but the law only requires the defendant to exercise reasonable care and prudence in selecting the number of men for any particular work; and the court instructs the jury that, if they believe from the evidence in this cause that the defendant exercised the care of an ordinarily prudent man in selecting the number of men to move its lumber from the mill to its dry kiln, under its system, then the defendant is not liable under the

third count of the declaration, and the jury should so find, even though the jury may believe from the evidence that a greater number of men could have moved the lumber with greater safety to the plaintiff.

"The court instructs the jury for the defendant that, before the plaintiff can recover on the second count in his declaration, they must believe from the evidence in the case (1) that the rails on the transfer car did not fit evenly with the rails on which the truck was located and that the plaintiff was injured as a direct result thereof while using extraordinary strength in pushing the truck; and (2) that the defendant knew, or by exercising the care of an ordinarily prudent man could have known, that such rails did not fit evenly with each other.

"The court instructs the jury as a matter of law that the defendant was only required to exercise the care of an ordinarily prudent man in providing the plaintiff with reasonably safe instrumentalities with which to work; and the court instructs the jury that the plaintiff cannot recover on the first count of his declaration in this case unless you believe from the preponderance of the evidence (1) that the wheels of the truck were flat or irregular and that as a direct result thereof the plaintiff was injured while using an extraordinary amount of strength in pushing said truck; and (2) that the defendant knew, or by the exercise of the care of an ordinarily prudent man could have known, that said truck wheels were flat or irregular and would not roll easily."

It will be seen from an examination of these instructions that the defendant received specific instructions applicable to each count; also the one above, assigned for error, which ignored two counts of the declaration.

We think this is prejudicial error, and that it is always unsafe to pick out the hypothesis embraced in one count and tell the jury that, if they believe certain facts applicable to that count, they should find the verdict generally.

In *Lackey* v. *Saint Louis & San Francisco R. Co.*, 102 Miss. 339, 59 So. 97, in the third syllabus, it was held:

"Where, in a suit against a railroad company for failure to keep open ditches on its right of way to protect adjacent lands, the evidence showed that such land was always flooded in time of high water, but that when the ditches were open it ran off plaintiff's land rapidly without doing any damage to the lands or crops, and when they were closed the water stood on the land for a long time and damaged the land and the crops, in such case, it was error to grant an instruction for the defendant railroad company that, 'if the jury believes from the evidence that plaintiff's land was overflowed by surface or overflow water, from the streams running through or adjacent thereto, without reference to the ditch along the railroad right of way, then the jury should find for the defendant,' as this instruction eliminated from the consideration of the jury one of the principal factors in plaintiff's claim for damage."

See, also *Harrison* v. *Garner*, 110 Miss. 586, 70 So. 700, and *Bank of Tupelo* v. *Hulsey*, 112 Miss. 632, 73 So. 621, to the same effect.

It is good pleading to set out different causes of actions in separate counts, either one of which, if determined in favor of the plaintiff, would give him the verdict. Such practice tends to clearness and avoids confusion; and, where this is done, it is important to have the instructions predicated upon a proper count and to refer to such count in the instructions in such way as to not mislead the jury. An instruction which ignores other counts of the declaration may be safely refused. See *Brown* v. *Shorter*, 195 Ala. 692, 71 So. 103; *Seaboard Air Line Railroad Co.* v. *Pemberton*, 202 Ala. 55, 79 So. 393; *Herring* v. *L. & N. R. Co.*, 203 Ala. 136, 82 So. 166; *City Ice & Delivery Co.* v. *Lecari*, 210 Ala. 629, 98 So. 902; and *Mobile Light & Ry. Co.* v. *Gadik*, 211 Ala. 582, 100 So. 837.

For the error indicated, the judgment of the court must be reversed, and the cause remanded for a new trial.

*Judgment reversed and remanded.*