BATSON HATTEN LUMBER CO. *v.* THAMES.*

(Division A.   March 21, 1927.   Suggestion of Error Overruled Oct. 10, 1927.)

[114 So. 25.   No. 26360.]

MASTER AND SERVANT.   *Employee's voluntary attempt to move defective truck without assistance, held proximate cause of injury.*

Employee's voluntary act in attempting to move a truck from one track to another, difficult because of flat wheel and the second track being higher than the first, without the aid of all the members of the crew assigned therefor exerting an extraordinary and unusual amount of strength in so doing, *held* the proximate cause of his injury by rupture.

---

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 442, n. 32; p. 840, n. 4; On liability of master for injury to servant who lifts or carries heavy objects under orders of master, see annotation in 25 L. R. A. (N. S.) 362; 10 A. L. R. 1399; 18 R. C. L. 705; 3 R. C. L. Supp. 843; 4 R. C. L. Supp. 1201.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Action by J. E. Thames against the Batson Hatten Lumber Company.   Judgment for plaintiff, and defendant appeals.   Reversed and judgment rendered.

See, also, 108 So. 181.

*Ford, White, Graham & Gautier,* for appellant.

The court erred in refusing appellant peremptory instructions on each of the counts in the declaration. Appellee attempts to recover in this case, on the theory that the master did not furnish enough men; his testimony is, that he had an insufficient crew, in that he only had three men, other than himself, engaged in the handling of the truck of lumber at the time he was hurt. He bottoms his case on the fact that a part of the men did not work, but he nowhere complains to the master and nowhere had made any showing that the master knew or ought to have known in the exercise of ordinary care, that any man or any part of the men engaged in this work would decline, or did decline to render assistance, therefore, the master was not negligent in the retention of these men in its employ. We find the facts on this point the same as was passed on by this court in the case of *Ingram-Day Lbr. Co.* v. *Joh,* 107 Miss. 43, 64 So. 934.

Appellees testimony and the testimony of his witnesses, show beyond question that a reasonable number of men were furnished. *G. M. & N. Railroad* v. *Nutt,* 81 So. 642. There, the court held that this contention had no merit, that it did not appear that two men could not easily carry the ties in question.

We anticipate that appellee will say that there was a flat wheel on the truck, that this was negligence on the part of the master and therefore, negligence being shown, the matter should be submitted to the jury. To this, we submit first, that the flat wheel was in no way the proximate cause of any claimed injury to appellee, no more so than if the master had sent the appellee in charge of an automobile, furnished with jack to use in raising (in the event of a flat tire); while using said automobile, employee had a flat tire; instead of using the jack provided to safely elevate the car to remove and repair the tire, he elects to lift the car literally by hand and injures himself. It could never be said that the master was negli-

gent, because he furnished him a safe way, a safe jack to use in the event of this contingency.

It is further shown that the master, going further than is required, taking extra precautions against any emergency that might arise, supplied its men with a pinch bar to prize with, to make the work safe in every event, the appellee knew this and knew how to use it, but declined to accept the safe course and therefore, cannot now be heard to say that the master did not use that degree of care required by it by the law.  As applicable to this question shown by the record in this case, we respectfully refer to *Ovett Land & Lbr. Co.* v. *Adams,* 109 Miss. 740, 69 So. 499; *Buckeye Cotton Oil Co.* v. *Saffold,* 125 Miss. 407, 87 So. 893; *Rose* v. *Pace,* 109 So. 661.

As to the appellee's further contention, that the master was negligent in permitting the truck to be one-half inch out of line, we submit that there are no substantial facts to admit of argument; in fact, his testimony is that the track being out of line did not cause his injury.  At most he only says that it might have made it worse and this allegation is met with the condition with reference to the using of the pinch bar the safe way, to the same extent as is shown as to the flat wheel.

This case is one where the defect developed in the course of the use of the instrumentality, with him having the first opportunity to discover and in fact discovering the defect.  The master not knowing and having no opportunity of knowing thereof, and is controlled by the rule laid down in *Alabama & Vicksburg Railway* v. *White,* 106 Miss. 141, 63 So. 345; *Mississippi Central Railroad* v. *Bennett,* 111 Miss. 163, 71 So. 310; *Ten Mile Lumber Co.* v. *Garner,* 117 Miss. 814, 78 So. 776; *Lampton* v. *Adkins,* 92 So. 638.

There is nothing in any notice given by appellee to anyone to cause the master to anticipate such course of action and if the master could not so anticipate the injury, in the exercise of that degree of care of an ordinarily prudent person, which the record shows that the

master did exercise in this case, then there can be no negligence imputed to the master. There being no negligence on the part of the master, the appellee necessarily, in doing as he did in the present case, assumes the risk ordinarily incident to his employment and his undertaking the work in the manner he did, and therefore falls within the rule laid down by this court in *Natchez Cotton Oil Mill Co.* v. *McLaid,* 33 So. 723; *Y. & M. V. Railway* v. *Hullun,* 119 Miss. 229, 80 So. 645; *J. J. Newman Lbr. Co.* v. *Dantzler,* 107 Miss. 31, 64 So. 931; *Great Southern Lbr. Co.* v. *May,* 102 So. 854.

*J. C. Mize,* for appellee.

Counsel contend that the appellant was entitled to a peremptory instruction on the ground that he was not acting in the scope of his employment. Appellant's contentions are shown to be without merit by a mere reference to the facts of the case.

The record shows without dispute that Davis was general yard foreman, and that Blackwell was foreman of the dry kiln, and that appellee was under Davis' orders, and that on the very day appellee was injured, Davis directed him to do this work, and that this duty was enumerated in the requirements of him when Davis hired him. See also Davis' testimony that he had directed Thames that morning to go and help Blackwell fill the kiln, that Thames was under his orders, etc.

So, the contentions of the appellant on this phase of the case are settled by the opinion of the court on the former appeal in this case 108, 182. The next contention of appellant is that there was no evidence supporting the declaration. The evidence clearly shows that the appellant was negligent.

Appellant contends that it was entitled to a peremptory instruction on the ground that a pinch bar furnished by the master was not utilized. In this, counsel is in error. The testimony does not show that the master furnished

a pinch bar or that it was proper to use one; it just shows that the men would resort to a pinch bar to get a fouled car over on to this out-of-line transfer track, and it would not have been necessary to use a pinch-bar if the wheels and track had been in the proper condition and a sufficient number of men had been furnished by the appellant to move this heavy car of lumber.

We therefore say that there is no question but what the peremptory instruction requested by appellant was properly refused.

*Ford, White, Graham & Gautier,* in reply for appellant.

The first assignment of error challenges the correctness of the ruling of the court below in refusing a peremptory instruction for appellant. On the facts stated by appellee, there is no liability. There can be no liability on the part of a master except for some negligence which proximately contributed to the injury of a servant. What, then, was the proximate cause of appellee's injury? What negligence on the part of the master that even remotely caused his injury? The injury was caused solely by his own folly in trying to move the car without calling for more help which was at hand and without making use of the pinch bar which his master had furnished him for that purpose. There was no question of fact as to what was the proximate cause of the injury in this case; no question for the jury to pass upon; but the proximate cause of the injury stands out so closely that the court should have directed a verdict for appellant. *Melton* v. *R. R. Co.,* 254 S. W. 510; *Hunter* v. *Busy Bee Co.,* 271 S. W., 800; *Hines* v. *Ross,* 230 S. W. 1066.

The master is not liable for the further reason, that the pinch bar furnished by the master for moving the car was not utilized, nor were the other servants employed by the master for the purpose called upon to assist the appellee in his effort to move the car, and ap-

pellee's injury was caused not by any negligence of the master but by his own act in trying to move the car in a way not contemplated or directed by the master. *Ovett Land & Lbr. Co.* v. *Adams,* 109 Miss. 740; *Buckeye Cotton Oil Co.* v. *Stafford,* 125 Miss. 407; *Rose* v. *Pace,* 109 So. 861; *Jacob Rosin* v. *Donaher Lumber Co.,* 40 L. R. A. (N. S.) page 913; *John Dair* v. *New York & Porto Rico S. S. Co.,* 40 L. R. A. (N. S.) page 918.

There is another rule that bars appellee from recovery in this case and it is: "It is the general rule that a servant is the best judge of his own strength and in the absence of coercion compelling him to overtax that strength it is his duty not to oxertax it." *Tony Williams* v. *Kentucky River Power Co.,* 10 A. L. R. 1396 and notes; *Stenvog* v. *Minn. Transfer R. Co.,* 25 L. R. A. (N. S.) page 362.

The appellee in attempting to move the car by main strength practically unaided was a volunteer and the master is not liable. Nowhere in the record is there even a suggestion that appellee was acting within the scope of his employment in pushing the car. 39 Corpus Juris, page 276; *Gulfport & Miss. Coast Traction Co.* v. *Faulk,* 118 Miss. 894.

Argued orally by *H. H. Parker,* for appellant.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment for damages alleged to have been sustained by the appellee because of the negligence of the appellant.

The appellant is a lumber company, and the appellee was employed by it as foreman of a crew of men whose duty it was to load cars with lumber, and to push trucks loaded with lumber from one part of the appellant's yard to another. These trucks ran on tracks. The crew assigned to the appellant consisted of six, seven, or eight persons, just which is not clear, some of whom were boys. On the occasion in question, the appellee, assisted by three

members of his crew, was pushing a truck loaded with lumber along a track which connected with another track onto which the truck was to be pushed. The truck had a flat wheel, and at the point of connection between the tracks, the one on which the truck was to be pushed was slightly elevated above the other. When the truck struck the elevated track the flat portion of its wheel seems also to have been on the rail, resulting in the necessity for greater effort to move it forward and onto the elevated track. The existence of the flat wheel and of the elevation in the track were known to the appellant.

In addition to the three members of his crew who were assisting him in pushing the truck, the other member thereof was present, but did not assist in actually pushing the truck. Why the others were absent does not appear though they seem to have been in the vicinity.

Under ordinary conditions the number of persons assigned to the appellee was sufficient for pushing the truck, provided they were men of average strength and "pushing" ability, but, according to his evidence, the flat wheel and the elevated track necessitated twelve or fifteen men therefor.

In endeavoring to push the truck forward, and onto the elevated track, the appellee says that he "exerted an extraordinary and unusual amount of strength," resulting in the infliction on him of a rupture or hernia.

The appellee was provided with a "pinch bar to prize these trucks to get them off the flat wheels," but no use was here made thereof. The evidence seems to indicate that the appellee was under no duty, himself, to push, but only to supervise his crew in so doing. But this fact, if such it is, will be left out of consideration, and we will assume that in assisting in pushing the truck the appellee was discharging one of the duties of his employment.

The court below refused to direct a verdict for the appellant.

There was a former trial of this case which resulted in a judgment for the appellee, and it was appealed to this

court and reversed because of the giving of a certain instruction. *Thames* v. *Batson & Hatten Lumber Co.*, 143 Miss. 5, 108 So. 181. In reversing the case, the court did not consider or decide the right of the appellant to a directed verdict.

Assuming that the appellant was negligent with reference to the flat wheel and the elevation in the track, the question for decision is, was, or could, the jury find that such negligence was the proximate cause of the appellant's injury?

Three facts enter into a determination of this question: First, The appellee did not use the pinch bar, and thereby facilitate the moving of the car; second, he was under no duty to move the truck, unless assisted in so doing by all the members of his crew, assigned to him by the appellant for that purpose; and, third, he was under no duty to put forth any extraordinary effort to move the truck, for "it is the general rule that a servant is the best judge of his own physical strength and in the absence of coercion compelling him to overtax that strength, it is his duty not to overtax it." *Williams* v. *Kentucky River Power Co.*, 179 Ky. 577, 200 S. W. 946, 10 A. L. R. 1396.

We will leave out of consideration the first of these facts, and decide the question on the other two.

It may be that the truck could not have been easily moved had all the members of the crew assigned to the appellee for that purpose assisted him in so doing, but he was under no duty to try to move it without them, and his attempt so to do was a voluntary act on his part without which the injury to him could not have been inflicted. Moreover, the defects in the track and truck and the absence of some of the members of the appellee's crew were, at most, merely the *causa sine qua non* of his own injury, but his own imprudence in voluntarily attempting to move the truck under the circumstances and "exerting an extraordinary and unusual amount of strength" in so doing was the *causa causans,* the prox-

imate cause of his injury, for which he, alone, must be held responsible.

The judgment will be reversed, and judgment will be here rendered for the appellant.

*Reversed, and judgment for the appellant.*